NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1630

DANA PATIN

VERSUS

EVANGELINE DOWNS OF LOUISIANA, INC.

**********
APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 04-5420
HONORABLE DONALD W. HEBERT, DISTRICT JUDGE

**********
JIMMIE C. PETERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Billy H. Ezell, Judges.

APPEAL DISMISSED. PLAINTIFF PERMITTED
TO FILE AN APPLICATION FOR SUPERVISORY
WRIT NO LATER THAN MARCH 9, 2007.

Alex L. Andrus, III
Guglielmo, Lopez, Tuttle, Hunger & Jarrell, L.L.P.
Post Office Drawer 1329
306 East North Street (70570)
Opelousas, LA 70571
(337) 948-8201
Counsel for Plaintiff/Appellant:
    Dana Patin

**W. Glenn Soileau**
**1454 East Bridge Street**
**Post Office Box 344**
**Breaux Bridge, LA 70517**
**(337) 332-4561**
**Counsel for Plaintiff/Appellant:**
  **Dana Patin**

**John M. Madison, Jr.**
**Amanda E. Waddell**
**Wiener, Weiss & Madison**
**Post Office Box 21990**
**2350 AM South Tower**
**333 Texas Street**
**Shreveport, LA 71120-1990**
**(318) 226-9100**
**Counsel for Defendant/Appellee:**
  **Evangeline Downs of Louisiana, Inc.**

PETERS, Judge.

This court issued a rule to show cause directed to the plaintiff-appellant, Dana Patin, to show cause by brief only why the appeal in the above captioned matter should not be dismissed as having been taken from a non-appealable, interlocutory order. For the reasons given herein, we dismiss the appeal, but we hereby grant the appellant time within which to perfect a proper writ application from the ruling at issue.

The plaintiff brought the instant suit against the defendant seeking an award of damages allegedly resulting from a slip and fall on the premises owned and operated by defendant. The plaintiff filed a motion in limine arguing that La.Civ.Code art. 2315, *et seq.*, rather than La.R.S. 9:2800.6 applies to the issues in the case. After a hearing, the trial court denied the motion in limine. A judgment in conformity with this ruling was signed by the trial court on November 8, 2006.

On November 15, 2006, the defendant filed a motion for a devolutive appeal from the trial court's ruling. The trial court granted this motion on this date.

Upon the lodging of the record, this court issued, *sua sponte*, an order for the defendant to show cause why the appeal should not be dismissed. The defendant filed a response to this court's rule, and the plaintiff has filed an opposition in response to the defendant's brief.

The legislature amended La.Code Civ.P. art. 2083 by 2005 La. Acts 205. The amended statute took effect on January 1, 2006. This statute now reads:

> A. A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.

B. In reviewing a judgment reformed in accordance with a remittitur or additur, the court shall consider the reasonableness of the underlying jury verdict.

C. An interlocutory judgment is appealable only when expressly provided by law.

While the plaintiff contends in brief that the denial of the motion in limine is appealable, plaintiff provides no jurisprudential authority for the proposition that a motion in limine is appealable, rather than reviewable under this court's supervisory jurisdiction. Article 2083 clearly provides that an interlocutory judgment is appealable only when expressly provided by law. Thus, there being no law expressly providing for an appeal in this case, we find that the instant appeal must be dismissed.

However, the record reveals that the motion for appeal was filed within the thirty day time delay from the trial court's ruling for seeking a return date on an application for supervisory relief. Uniform Rules—Courts of Appeal, Rule 4–3. These delays now having run, we find that justice mediates toward affording the plaintiff time within which to perfect a proper writ application from the trial court's ruling. Accordingly, we hereby order that the defendant be permitted to file a writ application in compliance with Uniform Rules—Courts of Appeal, Rule 4, seeking review of the subject judgment to be filed no later than March 9, 2007. The defendant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4–3, as we hereby construe the motion for appeal as a timely filed notice of intent to seek a supervisory writ. However, a copy of this court's opinion herein should be attached as an exhibit to the writ application, if filed.

**APPEAL DISMISSED. PLAINTIFF PERMITTED TO FILE AN**

2

**APPLICATION FOR SUPERVISORY WRIT NO LATER THAN MARCH 9, 2007.**

3